

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:03-CR-18** |
| | § | |
| **EUGENE ANTHONY LAURENT** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Eugene Anthony Laurent, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #66) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on January 5, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually

finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On October 10, 2003, the Honorable Thad Heartfield of the Eastern District of Texas sentenced defendant after he pled guilty to the offense of conspiracy to possess with intent to distribute 5 grams or more of cocaine base, a Class B felony. The Court sentenced the defendant to 168 months imprisonment, followed by 4 years of supervised release subject to the standard conditions of release plus special conditions to include drug aftercare, financial disclosure, and no association with Alfred Graham, Godfrey Charles and Stevon Alexander.

The Court amended Mr. Laurent's sentence twice to provide for sentence reductions. On May 19, 2009, his sentence was reduced to 140 months. It was again reduced by the Court on

February 28, 2012, to 120 months. *See* Doc. No. 56, 63, 64. On August 15, 2012, Eugene Laurent completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

Specifically, on December 22, 2014, an arrest warrant was issued on Eugene Anthony Laurent, in Jefferson County, Texas, for his alleged involvement in an aggravated robbery which occurred on December 31, 2012. He was arrested on December 23, 2014, and transported to the Jefferson County Jail.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government would offer a copy of the judgment entered against Mr. Laurent in Case Number 15-21288, in the 252nd District Court of Jefferson County, Texas, as an exhibit. That judgment reflects that on July 18, 2016, Judge Raquel West sentenced Laurent to ten years in the Institutional Division of the TDCJ after he pled guilty to the offense of robbery, a second degree felony.

Defendant, Eugene Laurent, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he was convicted on the new state crime of robbery while on supervised release in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised

release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by being unsuccessfully discharged from the community corrections component of a residential reentry center. This conduct constitutes a Grade A violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon the Defendant's criminal history category of V and the Grade A violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 30 to 37 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is capped at three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

supervision conditions by committing a new crime while on supervision. The defendant and the Government also reached an agreed sentence that violation. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*. Mr. Laurent pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **24 months imprisonment,** with credit for any time due under the federal detainer placed on Mr. Laurent in this case while he was in state custody**.** The Court finds that although this sentence is less than the imprisonment range suggested by the Guidelines for the Grade A violation, it is an adequate sentence in light of the fact that the defendant has accepted responsibility for his violation by pleading true, he pled guilty to the underlying state charge and is serving a sentence in that matter, and he maintained steady employment on supervised release. The Government cited these reasons in support of the variance on the record at the revocation hearing. Accordingly, based on this procedural history, the Court finds it appropriate to deviate below the applicable Guideline range and impose this agreed sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed

findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of January, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE